```
                 UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jeffrey Bradley

   v.                                        Civil No. 12-cv-127-PB
                                              Opinion No. 2013 DNH 173

Wells Fargo Bank, N.A. et al.


## MEMORANDUM AND ORDER

    Jeffrey Bradley lost his home to foreclosure.  He has sued his mortgage lender, two assignees of his mortgage, and two entities involved in servicing his loan.  He challenges the legality of the foreclosure on several grounds and seeks damages from all of the defendants.

    Bradley asserts his claims in both an amended complaint and a proposed second amended complaint that he filed with a motion to join additional defendants.  Two defendants named in the amended complaint have filed answers, and the rest have filed motions to dismiss.  All defendants oppose the motion for joinder.  For the reasons set forth in this Memorandum and Order, I grant the motions to dismiss and deny the motion for joinder.

I. **BACKGROUND**

A. **Factual Background**[1]

Bradley obtained a $143,500 mortgage loan from Ameriquest Mortgage Company in November 2004. Shortly thereafter, Ameriquest assigned the mortgage to Wells Fargo Bank, N.A. as trustee for an unnamed trust ("Wells Fargo Trustee").[2] Although the first payment on the note was not due until January 1, 2005, Bradley made payments on the loan in November and December 2004, as well as the first required payment in January 2005. Defendants, however, failed to give Bradley credit for any of his payments.

Without Bradley's knowledge, HomEq Servicing was assigned responsibility for servicing Bradley's loan. On March 1, 2005, HomEq sent Bradley a notice stating that his loan was three months overdue. Although Bradley's loan called for the lender to make homeowner's insurance payments on his behalf from an

---

[1] I draw the background facts from the proposed second amended complaint (Doc. No. 66-1), which provides a somewhat more detailed description of the relevant facts than is provided in the amended complaint. Doc. No. 38.

[2] The proposed second amended complaint alleges that the assignment originally failed to name the assignee and that the actual assignment was made at a later time. The complaint does not identify the trust that benefitted from the assignment.

escrow account, HomEq failed to make the required payments. In August 2005, Bradley received a notice from his insurer stating that his homeowner's insurance was about to be cancelled. Following instructions Bradley received from HomEq, Bradley paid his insurer and deducted the payment from his September mortgage payment. HomEq, however, refused to credit Bradley for his September mortgage payment. It also failed to give him a credit for his October payment and a double payment he attempted to make in November.

One or more defendants instituted foreclosure proceedings against Bradley in March 2006.[3] In response, Bradley brought suit in state court to enjoin the foreclosure. A state court judge dismissed the foreclosure proceedings in an order dated January 31, 2007 "due to the cancellation of the foreclosure and the attempt of the plaintiffs to refinance their loan." After the foreclosure case was dismissed, a representative of the defendants assured Bradley that an agreement could be reached to resolve their dispute.[4] Bradley, however, was unable to contact

---

[3] The complaint does not identify the defendants who instituted foreclosure proceedings.

[4] Again, the complaint does not identify the defendants whose representative allegedly made these representations.

3

the defendants to negotiate a settlement agreement.  In 2009, Bradley spoke with a representative of HomEq and was informed that his loan "was lost in the computer database."  Between 2007 and 2010, defendants also sent multiple notices concerning the loan to the wrong address.  On at least one occasion, Bradley was unable to obtain a payoff number from Wells Fargo or any of the other defendants.  As a result, he lost an opportunity to refinance his loan.

On September 1, 2010, Wells Fargo Trustee assigned Bradley's mortgage to Wells Fargo Bank, N.A. as Trustee for a trust created pursuant to a Pooling and Servicing Agreement dated October 1, 2004 ("Wells Fargo PSA Trustee").[5]  At around the same time, Ocwen Loan Servicing, LLC assumed responsibility for servicing Bradley's loan.

A few months later, on February 8, 2011, Wells Fargo PSA Trustee scheduled a foreclosure sale for March 9, 2011.  It later postponed the foreclosure sale: first until April 6, 2011, and ultimately until April 27, 2011.  A law office acting on behalf of Wells Fargo PSA Trustee sent Bradley's former attorney

---

[5]   Bradley alleges that the second assignment was not signed but instead only bears the initials "CC" for Christine Carter, an account manager for Ocwen Loan Servicing, LLC.

4

a notice that the original foreclosure sale had been postponed. It continued to send foreclosure notices to the attorney even after she notified defendants that she no longer represented Bradley.  Bradley never received notice of the foreclosure, which was completed as scheduled on April 27, 2011.  Wells Fargo PSA Trustee purchased the property at the foreclosure sale.

On or about May 1, 2011, one of the defendants put a padlock on the door of Bradley's home without a writ of possession and without giving him either notice to quit or a notice of eviction.  On May 14, defendants or their agents threw Bradley's household goods into a dumpster and destroyed many of Bradley's personal effects, sentimental items, furniture, and other household goods.

### B.  Procedural Background

On January 27, 2012, Bradley filed a complaint in the Rockingham County Superior Court against Wells Fargo.  Doc. No. 3.  On March 30, 2012, Wells Fargo removed the case to this court.  On March 18, 2013, Bradley filed an amended complaint naming Ameriquest and Ocwen as additional defendants.  Bradley also listed Wells Fargo separately as a defendant in its individual capacity, in its capacity as trustee of the unnamed trust and in its capacity as trustee of the trust created by the

Pooling and Servicing Agreement.  Doc. No. 38.  Wells Fargo PSA Trustee and Ocwen answered the amended complaint, but Wells Fargo, Wells Fargo Trustee, and Ameriquest all filed motions to dismiss for failure to state a claim.  Bradley objected to each motion.

On September 24, 2013, Bradley filed a motion for joinder and attached a proposed second amended complaint that named HomEq Servicing as an additional defendant.  The proposed second amended complaint also added additional factual allegations and new claims for relief against the original defendants.  Doc. Nos. 66, 66-1.  On October 8, 2013, all defendants filed objections to the motion for joinder.

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

In deciding a motion to dismiss, I employ a two-step approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks, and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Twombly, 550 U.S. at 556. The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to

7

relief above the speculative level.").

Federal Rule of Civil Procedure 19, governing the required joinder of parties, "addresses situations where a lawsuit is proceeding without a party whose interests are central to the suit." Bacardí Int'l Ltd. v. V. Suarez & Co., Inc., 719 F.3d 1, 9 (1st Cir. 2013)(citing Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008)).  The rule requires courts to "make pragmatic, practical judgments that are heavily influenced by the facts of each case."  Id.  A party can be required to join if, among other things, "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Joinder is thus not required under 19(a)(1)(A) if "[c]omplete relief can be afforded among those already parties."  Bacardí Int'l, 719 F.3d at 10.

### III.  ANALYSIS

This case is procedurally complex because I must simultaneously resolve both defendants' motions to dismiss the amended complaint and Bradley's motion for joinder.  Bradley has also increased the complexity of the case by suing Wells Fargo as distinct defendants in its corporate capacity, as trustee of an unnamed trust, and as Wells Fargo PSA Trustee.  I address

this complexity by first addressing the motions to dismiss the amended complaint and then resolving the motion for joinder. In resolving both motions, I will assume for purposes of analysis that Wells Fargo can be treated as a distinct defendant for each capacity in which it has been sued.

A.  **Motions to Dismiss**

Bradley focuses his claims in the amended complaint on the foreclosure of the mortgage and his eviction following the foreclosure. The proper targets for these claims are Wells Fargo PSA Trustee, the entity that allegedly oversaw the foreclosure and eviction, and Ocwen, the loan servicer when the foreclosure and eviction occurred. The amended complaint does not allege that any of the other defendants had any involvement in either the foreclosure or the eviction. Accordingly, the amended complaint is defective to the extent that it seeks to hold these defendants liable for harm resulting from either the foreclosure or the eviction.[6] See Gikas v. JPMorgan Chase Bank, N.A., 2013 DNH 057, 11 (finding that when defendants did not participate in foreclosure, "it is difficult to see how

---

[6] In dismissing these claims, I take no position on Wells Fargo's contention that its liability as Wells Fargo PSA Trustee is limited to any recovery that Bradley is able to obtain from trust assets.

9

[plaintiff] could possibly recover" from them for any alleged wrongs visited upon him during the foreclosure).

The only other claim that Bradley presents in the amended complaint is a claim that one or more of the defendants are liable because a lender who was willing to refinance Bradley's mortgage loan "was unable to get a payoff amount from Wells Fargo or any of the named defendants and [as a result] plaintiffs' loan refinance opportunity was lost." Doc. No. 38. The amended complaint, however, alleges no additional facts whatsoever about the request for a payoff - no date, no year, or general time frame, and no party. This is a threadbare recital with no facts to support it. Therefore, it too fails to state a viable claim for relief. See Ocasio-Hernandez, 640 F.3d at 12.

B. **Bradley's Second Amended Complaint and Proposed Joinder of Parties**

On September 24, 2013, Bradley filed a motion to join HomEq Servicing as a defendant pursuant to Rule 19(a)(1)(A), and attached a proposed second amended complaint to his motion.[7]

---

[7] Bradley also seeks permission to sue "Unknown agents" who, he explains, are "those individuals or entities employed by, contracted with, or otherwise utilized by one or more of the other named defendants." Bradley does not identify any specific actions by these agents that would lead the court to believe that it cannot accord complete relief among the existing parties. Fed. R. Civ. P. 19(a)(1)(A). Accordingly, I decline

HomEq serviced the loan prior to 2010, at which point Ocwen took over.  By ceasing servicing the loan in 2010, HomEq was not involved in any of the foreclosure proceedings, and all claims from the original complaint would fail against it for the same reasons that the claims cannot succeed against Wells Fargo Trustee, Wells Fargo, and Ameriquest.  I will consider the other claims against HomEq below in my discussion of the applicability of the new claims to all defendants.

   1.  **Validity of the Assignment**

   Bradley has pleaded additional facts in the proposed second amended complaint to support his claim that the foreclosure was invalid because the assignments on which it was based are defective.  These new allegations do not lead to a viable claim against HomEq because Bradley does not allege that it was involved in the foreclosure.  The new facts are also insufficient to support claims against Ameriquest, Wells Fargo, or Wells Fargo Trustee.  Wells Fargo PSA Trustee and Ocwen have not challenged the viability of the foreclosure claims in the amended complaint.  Therefore, no purpose would be served in allowing Bradley to file a second amended complaint merely to

---

his request to join the unnamed agents as defendants.

assert new facts against defendants who have not challenged the sufficiency of the amended complaint.

### 2. **RESPA Claims**

Count V of the second amended complaint includes a claim under the Real Estate Settlement Procedures Act, ("RESPA"), for failing to notify Bradley of a transfer of loan servicers, impermissibly charging late fees during the transfer period, and failing to pay Bradley's insurance premiums, as required by their contract. 12 U.S.C. §§ 2605(b-d),(g). These allegations include actions taken by HomEq in 2005 when it treated his payments as late payments, failed to make timely insurance payments, and failed to properly credit his payments to his account balance. Bradley also claims that in August 2010, HomEq and Ocwen failed to provide notice of the transfer of servicing of his loan. For the latter allegation, he claims that in August 2010, HomEq sent notice to his prior lawyers that he never received.

Claims under RESPA are subject to a three-year statute of limitations for claims brought under 12 U.S.C. § 2605. 12 U.S.C. § 2614. As each of these claims began to run, at the

latest, in August 2010, they are each barred by the statute.[8] See Da Silva v. U.S. Bank, N.A., 885 F. Supp.2d 500, 504-05 (D. Mass. Aug. 8, 2012). The RESPA claims would thus be futile against all defendants.

### 3. Fraud and Fraudulent Misrepresentation

Count VI alleges fraud and fraudulent misrepresentation relating to the January 2007 Superior Court conference, in which defendant's counsel misrepresented to Bradley that he "would be able to work things out" by calling a certain phone number. Bradley further claims that in 2009, HomEq misrepresented that

---

[8] Bradley does not argue in response to defendant's statute of limitations arguments that his claims relate back to the filing of his original complaint. Fed. R. Civ. P. 15(c). One RESPA claim, the August 2010 claim for failure to provide notice of change of service, would not be barred by the statute of limitations if found to relate back. However, this claim does not arise "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Id. at 15(c)(1)(B). The original complaint, as discussed above, surrounds the foreclosure, with additional pleaded facts concerning assignments and a failure to provide a pay-off amount. This conduct is vastly different than an alleged failure to provide notice of a transfer of servicers – one of whom was not even mentioned in the original complaint. Bradley's fraud claim fails to relate back for similar reasons. Should it relate back, the only fraud claim that would not be barred involves the second amended complaint's allegation that HomEq, in 2009, misrepresented that Bradley's loan was not in the database – conduct that was never mentioned in the original complaint. Thus, Bradley's claims do not relate back to the filing of his original complaint.

his loan was not in HomEq's database, and more generally that defendants fraudulently stated that he would be able to modify the loan when they did not in good faith intend to consider him for a modification.

Under New Hampshire law, a personal action must be brought within three years of "the act or omission complained of," or within three years of when the act or omission was discovered or "in the exercise of reasonable diligence should have [been] discovered." N.H. Rev. Stat. Ann. § 508:4, I (statute of limitations for personal actions). The limitations period on these claims expired, at the latest, in 2012. Because they were only asserted in September 2013, the claims are barred by the statute of limitations, and therefore futile. See Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 121-22 (D.N.H. 2012).

### 4. Breach of the Duty of Good Faith and Fair Dealing

Count VII claims a breach of the duty of good faith and fair dealing. Here Bradley argues that the mortgage contract afforded defendants discretion, and that they abused that discretion by transferring servicers without proper notice and by failing to credit Bradley's 2005 loan payments. The three year New Hampshire statute of limitations applies to actions in

contract as well as tort, unless the claim is otherwise limited by a particular statute.  N.H. Rev. Stat. Ann. § 508:1; 4, I. As discussed above, each of these allegations would also be futile by failing to fall within the state's three year statute of limitations.

Each of Bradley's additional claims would be futile, and the new parties that he seeks to join are unnecessary for this court to afford complete relief for his claims surrounding the foreclosure and defendants Ocwen's and/or the Wells Fargo PSA Trustee's actions subsequent to foreclosing.  For the reasons discussed above, I deny Bradley's motion to join additional parties and counts to this litigation.  Doc. No. 66.

## IV.  CONCLUSION

For the reasons set forth above, I grant Wells Fargo's motion to dismiss, Doc. No. 43, Ameriquest's motion to dismiss, Doc. No. 51, Wells Fargo Trustee's motion to dismiss, Doc. No. 59, and I deny Bradley's motion for joinder, Doc. No. 66.[9]

---

[9] Because I deny Bradley's motion to join, I need not decide the validity of the motion to strike brought by Ocwen, Wells Fargo, Wells Fargo Trustee, and Wells Fargo PSA Trustee.  Doc. No. 71.

```
     SO ORDERED.


                                   /s/Paul Barbadoro
                                   Paul Barbadoro
                                   United States District Judge


December 18, 2013

cc:  Ruth A. Hall, Esq.
     Terrie L. Harman, Esq.
     Christopher J. Fischer, Esq.
     William Philpot, Jr., Esq.
     John S. McNicholas, Esq.
```