UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jeffrey Bradley

   v.                                    Civil No. 12-cv-127-PB
                                          Opinion No. 2014 DNH 112

Wells Fargo Bank, N.A.


**MEMORANDUM AND ORDER**

On March 3, 2014, I entered a Memorandum and Order granting in part and denying in part a Motion for Summary Judgment brought by Wells Fargo as Trustee for a Pooling and Service Agreement ("PSA Trustee") and Ocwen Loan Servicing, LLC. Bradley v. Wells Fargo Bank, N.A., 2014 DNH 041, 17; Doc. No. 86. PSA Trustee seeks reconsideration of my decision on three separate grounds. I consider each in turn.

    I.    **STANDARD OF REVIEW**

Because final judgment has not been rendered, I consider this motion under Local Rule 7.1(d), requiring that motions for reconsideration "demonstrate that the order was based on a manifest error of fact or law." Reconsideration is "'an extraordinary remedy which should be used sparingly.'" Town of Wolfeboro v. Wright-Pierce, 2014 DNH 013, 4 (quoting Fabrica de

Muebles J.J. Alvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 31 (1st Cir. 2012) (internal quotation marks omitted).

## II. ANALYSIS

### A. Notice

PSA Trustees assert that I overlooked evidence mandating a contrary result when I found that it failed to satisfy its statutory duties to notify Bradley of the postponements of the foreclosure sale. In support, PSA Trustee relies on the confirmatory affidavit to the foreclosure deed, which states that the postponements were publically announced at the property on each previously scheduled foreclosure date, as required by statute. See N.H. Rev. Stat. Ann. § 479:25; Doc. No. 77-9.[1] PSA Trustee included the confirmatory affidavit in its summary judgment exhibits, but did not rely on it in its summary judgment briefing.[2]

---

[1] The confirmatory affidavit, submitted under oath by Erika L. Vogel on July 12, 2011, states: "at the auction sale on March 9, 2011 pursuant to said notice . . . the sale was postponed by public proclamation to April 6, 2011 at 1:00 p.m., at which time and place, upon the mortgaged premises, the sale was postponed by public proclamation to April 27, 2011, at 1:00 p.m. . . . ." Doc No. 77-9.

[2] Bradley notes that the affidavit was "raised for the first time in a motion to reconsider." Although a motion to reconsider is not a proper time to "advance arguments that could and should have been presented [previously]," Town of Wolfeboro, 2014 DNH

2

Bradley contends that the affidavit does not amount to sufficient evidence because the affiant, Erika Vogel, does not claim personal knowledge of the postponements, in violation of Federal Rule of Civil Procedure 56(c)(4) (requiring that affidavits for summary judgment motions be "made on personal knowledge."). PSA Trustee responds by arguing that the affidavit is nevertheless admissible under Federal Rule of Evidence 803(15), the hearsay exception covering statements in documents that affect an interest in property.

Rule 803(15) is an exception to the hearsay rule for statements "contained in a document that purports to establish or affect an interest in property if the matter stated was relevant to the document's purpose – unless later dealings with the property are inconsistent with the truth of the statement or the purport of the document." The Rule permits statements that would otherwise be hearsay if (1) they are contained within a document that affects an interest in property; (2) the statements are relevant to the purport of the document; and (3) any dealings with the property subsequent to the document's creation have not been inconsistent with the truth of the

---

013, 4, I nevertheless exercise my discretion in considering the evidentiary value of the confirmatory affidavit. If I did not rule on the confirmatory affidavit now, PSA Trustee could invoke it at trial, which would be a waste of judicial resources if it can currently be deemed admissible.

3

statements.  U.S. v. Boulware, 384 F.3d 794, 807 (9th Cir. 2004).  Other courts have noted that the Rule also requires that the document meet standards of authenticity and trustworthiness.  See Silverstein v. Chase, 260 F.3d 142, 149 (2d Cir. 2001); U.S. v. Weinstock, 863 F. Supp. 1529, 1533-34 (D. Utah 1994).

    Here, the confirmatory affidavit was recorded as a required part of the foreclosure process.  See N.H. Rev. Stat. Ann. § 479:26 (requiring affidavits to set forth "fully and particularly" the acts surrounding foreclosure).  It is also clearly a document affecting an interest in property containing statements relevant to the document's purpose.  Bradley has brought forth no evidence of any inconsistent subsequent dealings.  He argues that a lack of personal knowledge makes the document untrustworthy, but this argument is insufficient especially given that New Hampshire requires that such documents "shall be evidence on the question whether the power of sale was duly executed."  Id.  See also Blackburn v. Deutsche Bank Trust Co., No. 09-E-0229, 2011 WL 4428712 * n.5 (N.H. Super. 2011) (citing New Hampshire analogue to 803(15) in finding confirmatory affidavit admissible for the truth of the statements therein).  I thus grant PSA Trustee's motion for reconsideration on Count IV, Bradley's claim that he did not receive proper notice of the foreclosure sale.

4

**B.   Deficiency Judgment**

PSA Trustee next argues that I should have granted its motion for summary judgment on its deficiency judgment counterclaim because Bradley failed to submit evidence properly opposing its affidavits and supporting documents. In my initial order, I acknowledged that PSA Trustee submitted an affidavit purporting to show that Bradley owed $258,223.60. I then found that Bradley challenged the stated amount owed and raised an argument that the predecessors unreasonably delayed the foreclosure sale in breach of the duty of good faith and fair dealing. I denied PSA Trustee's motion for summary judgment because I determined that material facts pertaining to the motion remained in genuine dispute. In denying the motion, I took no position on Bradley's good faith and fair dealing argument.

My opinion does not change upon reconsideration. Bradley objected to the amount owed.[3] To counter this rejection, PSA Trustee must submit additional facts beyond a bald statement of the amount owed to show how they arrived at its accounting.

---

[3] PSA Trustee argues that Bradley's objection is "mere allegation, speculation, or unsupported denial" and is thus insufficient to counter its affidavit. I reject this argument because I find PSA Trustee's affidavit too conclusory in submitting an amount owed with no further evidence of how it arrived at this figure.

5

Potential material facts exist concerning the accounting of Bradley's mortgage.  As such, I am unwilling to find that PSA Trustee submitted sufficient information to establish summary judgment on its deficiency judgment claim.

PSA Trustee in the alternative asks that I grant a judgment of a deficiency, with the exact amount to be determined at trial.  I decline to do so, finding that material facts exist on this issue, making it more properly suited for resolution with additional evidence at a later date.

**C.   Intentional Infliction of Emotional Distress**

PSA Trustee argues that Bradley's allegations, even if true, are insufficient to support a claim for intentional infliction of emotional distress. In support, it cites the same case it had previously cited in its reply, Neenan v. Citimortgage, Inc., 2013 DNH 163, 15-16.  PSA Trustee also argues that "after diligent search" it could not find any New Hampshire precedent finding eviction activities, conversion, or conduct resulting in property damage as sufficient to support an intentional infliction of emotional distress claim.

PSA Trustee raises no manifest error of law nor fact. Neenan is distinguishable on its facts,[4] and the existence or

---

[4]   In Neenan, for instance, the plaintiff knew of the foreclosure prior to the sale, and the bank had granted her permission to

6

non-existence of a New Hampshire case on this topic does not determine the claim's validity.  I again emphasize that based on these facts, I consider this to be a close case in which a reasonable jury could potentially find PSA Trustee's conduct to be extreme and outrageous.  See Doc. No. 86.

### III. CONCLUSION

For the reasons expressed above, I grant PSA Trustee's motion for reconsideration, Doc. No. 89, in part and deny it in part.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

May 20, 2014

cc: Ruth A. Hall, Esq.
Terrie L. Harman, Esq.
Christopher J. Fischer, Esq.
William Philpot, Jr., Esq.
John S. McNicholas, Esq.

---

enter the property after the sale.  2013 DNH 163, 15-16.