IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JEFFREY BRADLEY | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:12-cv-00127 <br> ) |
| WELLS FARGO BANK, N.A. AS TRUSTEE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004 ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-MHQ1, et al. | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANTS' MOTION TO EXCLUDE THE EXPERT TESTIMONY
OF ERIC G. MART, PH.D., ABPP**

**PLEASE TAKE NOTICE** that Defendants Wells Fargo Bank, N.A. as Trustee for the Pooling and Servicing Agreement dated as of October 1, 2004 Asset-Backed Pass-Through Certificates Series 2004-MHQ1 and Ocwen Loan Servicing, LLC ("**Defendants**"), respectfully move this Honorable Court to exclude the expert testimony of Eric G. Mart, Ph.D., ABPP ("**Dr. Mart**"). Defendants' motion should be granted for the reasons stated in the accompanying memorandum of law, incorporated by reference, including the following two reasons:

1. Dr. Mart's proposed testimony, as presented in his expert report dated January 22, 2015, violates *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993) and Federal Rules of Evidence 702 and 703 because it fails to base his causation conclusions on any reliable methodology since Dr. Mart (a) admittedly failed to review and consider Plaintiff Jeffrey Bradley's medical and psychological history; (b) admittedly failed to confirm the self-reported

information provided by Plaintiff Jeffrey Bradley through third party sources of information; (c) admittedly relies on inaccurate or incomplete information provided by Plaintiff Jeffrey Bradley; and (d) draws a causation conclusion which is unconnected to the issues in this case; and

2. Dr. Mart's proposed testimony violates *Daubert* and Federal Rule of Evidence 702 because it would not assist the trier of fact since it is based on several assumptions that are unsupported by the record evidence and are unconnected to the facts or issues in this case.

Pursuant to Local Rule 7.1(c), undersigned counsel contacted Plaintiff's counsel via electronic mail to determine whether the Plaintiff objects or assents to the filing of this motion. Plaintiff's counsel has responded indicating that Plaintiff does not assent.

Dated: August 21, 2015

Respectfully submitted,

By /s/Elizabeth M. Lacombe
Elizabeth M. Lacombe Bar No. 19921
Duane Morris LLP
100 Pearl Street, Suite 1415
Hartford, CT 06103
Phone (215) 979-1577
Fax (215) 979-1020
Email: emlacombe@duanemorris.com

and

Alexander D. Bono
*Pro Hac Vice*
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1811
Fax (215) 979-1020
Email: abono@duanemorris.com

**Attorneys for Defendants Wells Fargo Bank N.A. as Trustee Pooling and Servicing Agreement Dated as of October 1, 2004 Asset-Backed Pass-Through Certificate Series 2004-MHQ1 and Ocwen Loan Servicing, LLC**