UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Jeffrey Bradley**

   v.   Civil No. 12-cv-127-PB

**Wells Fargo Bank, N.A. et al.**

**REPORT AND RECOMMENDATION**

Jeffrey Bradley brought suit against Wells Fargo Bank, N.A. and Ocwen Loan Servicing, LLC (collectively the "trial defendants"), alleging claims for constructive eviction, conversion, and intentional infliction of emotional distress. In an amended complaint, filed on January 29, 2015, Bradley also named Legacy Landscape Company ("Legacy") and Mark Murray as defendants (collectively the "defaulting defendants"). Doc. no. 111. When Legacy and Murray failed to appear, default was entered against them. Doc. nos. 135 & 141.

In October 2015, a jury trial was held with the trial defendants. During the trial, the district judge granted the trial defendants' motion for judgment as a matter of law as to Bradley's intentional infliction of emotional distress claim. At the conclusion of trial, the jury found for Bradley as to his wrongful eviction and conversion claims and awarded $15,000 for each claim.

Now, after trial, Bradley moves for default judgment against the defaulting defendants.  Doc. no. 222.  Bradley contends that his "complaint states claims for which relief may be granted" and is entitled to $118,742 in damages plus attorney's fees.  Doc. no. 221-1.  Bradley arrives to his damages amount based on his own testimony at trial "about the personal property he lost as a result of the [defaulting defendants'] actions."  Id. at 4.  A damages hearing was conducted on December 21, 2015.

## Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment."  See Fed. R. Civ. P. 55(b)(2).  "Although a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims."  10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).  To recover on a motion for default judgment, "[t]he claimant must state a legally valid claim for relief."  Id.; see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).  Therefore, before entering default judgment, the court must determine whether the admitted facts state actionable claims. See Hop Hing Produces Inc. v. X & L Supermarket, Inc., No. CV

2

2012-1401(ARR)(MDG), 2013 WL 1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27 Farmers Market, Inc., No. 08-5212 (KSH), 2009 WL 2386074, at *2 (D.N.J. July 31, 2009).

## **Discussion**

As stated in the plaintiff's motion for default judgment, the plaintiff, in the amended complaint, "brought the same claims against [the defaulting defendants] as the claims against [the trial defendants]." Doc. no. 222-1 at 3. By virtue of the default, the defaulting defendants concede the facts alleged in the amended complaint. As discussed in the order on summary judgment, the complaint states actionable claims against the trial defendants. See Doc. no. 163. Thus, since the claims against the defaulting defendants are identical to the claims against the trial defendants, the facts alleged in the amended complaint also state actionable claims against the defaulting defendants.

As to damages, Bradley asks this court to award $118,742.[1] Doc. no. 222. This request is sizable in light of the jury's October 15, 2015, verdict and collective award of $30,000 in damages. Doc. no 218. Further, based on the nature of the

---

[1] This amount is based on the plaintiff's testimony during trial "about the personal property he lost as a result of the [d]efendants' actions." Doc. no. 222-1 at 4.

3

amended complaint and the plaintiff's acknowledgement that the claims against all defendants are "the same," it is clear that the plaintiff is alleging joint and several liability. "However, where liability is joint and several, consistent damage awards on the same claim are essential." Hitachi Med. Sys. Am., Inc. v. Horizon Med. Grp., No. 5:07CV02035, 2008 WL 5704471, at *2 (N.D. Ohio Jan. 28, 2008) (citing Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir.1985)).

Here, other than for purposes of "fairness," the plaintiff has offered no alternative theory of liability or cited any authority that the damage award against the defaulting defendants should be different than the award against the trial defendants.  In addition, with respect to attorney's fees, the plaintiff conceded during the hearing that he is seeking fees against all defendants under the same legal theories and a motion for fees is currently pending before the district judge.

## Conclusion

For the foregoing reasons, the court recommends that the motion for default judgment (doc. no. 222) be granted, and that Legacy Landscape Company and Mark Murray be jointly and severally liable for the $30,000 in damages awarded to the plaintiff at trial.

Any objections to this report and recommendation must be

4

filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 21, 2015

cc:   Kristina Cerniauskaite, Esq.
      Ruth A. Hall, Esq.
      Terrie L. Harman, Esq.
      Elizabeth Lacombe, Esq.
      Alexander Bono, Esq.
      Brett Messinger, Esq.